UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **JEROME MCNEIL**, <br><br> Defendant. | 2:23-CR-20229-TGB-EAS <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 21)** |

Jerome McNeil faces charges of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The prior felonies are second-degree home invasion, felon in possession of a firearm, carrying a concealed weapon, felony firearm, larceny, and delivery/manufacture of a narcotic. ECF No. 1, PageID5. He filed a motion to dismiss the charge on grounds that the felon-in-possession statute violates the Second Amendment's "plain text." ECF No. 21. After briefing, the Court held a hearing on September 20, 2023.

## DISCUSSION

This Court has previously addressed the issue raised by Defendant here—whether application of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) should require a finding that the federal statute prohibiting firearms possession by previously convicted felons, 18 U.S.C. § 922(g)(1), violates the right to bear arms as guaranteed by the Second Amendment to the United States

1

Constitution. *See United States v. Nelson*, No. 22-20512, 2023 WL 4249367 (E.D. Mich. June 29, 2023). Sixth Circuit law has not changed since the Court issued its decision in *Nelson*.

Under that precedent, *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), the Sixth Circuit unambiguously upheld the federal felon-in-possession statute—even after applying the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which first articulated the interpretation of the Second Amendment as guaranteeing an individual's right to possess a firearm to protect one's home. *Heller*, which has not been overturned, placed the burden on McNeil to rebut the presumption that felon-in-possession statutes are constitutional. Given the binding effect of *Carey*, this Court will not request, as some courts have, that parties present expert historians to testify whether the text, history, and tradition of the Second Amendment would permit the disarmament of felons. *See United States v. Bullock*, 2023 WL 4232309, at *4–5 (S.D. Miss. June 28, 2023).

In oral argument, but not in its response brief to the motion to dismiss, the government discussed the significance of the implication of *Bruen's* holding, that so-called "shall issue" state statutes (those that issue gun permits provided that the applicant pass a background check) were constitutionally valid. *Bruen,* 142 S. Ct. at 2123–24. Michigan is a "shall issue" state. *See United States v. Patterson*, No. 22-20269, 2023 WL 4290051, at *5 (Goldsmith, J.) (E.D. Mich. June 30, 2023). In these states,

2

"authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *Bruen,* 142 S. Ct. at 2123. As the Tenth Circuit has recently explained:

> *Bruen* apparently approved the constitutionality of regulations requiring criminal background checks before applicants could get gun permits. In *Bruen,* the Court struck down state regulations that had required the showing of a special need before someone could get a license to carry a gun. 142 S. Ct. at 2123-24, 2156. But the Court added that it wasn't questioning the constitutionality of "shall-issue" licensing regimes. *Id.* at 2138 n.9. These regimes don't require a showing of special need, but they do "often require applicants to undergo a background check" to ensure that the applicant is a "law-abiding, responsible citizen[]." *Id.* (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)).
>
> In preserving "shall-issue" regimes and related background checks, the Court arguably implied that it was constitutional to deny firearm licenses to individuals with felony convictions. *Bruen*'s language thus could support an inference that the Second Amendment doesn't entitle felons to possess firearms. *See Range v. Att'y Gen. United States*, 69 F.4th 96, 114 (3d Cir. 2023) (Shwartz, J., dissenting, joined by Restrepo, J.) (inferring from *Bruen*'s approval of criminal background checks "that felon bans" on guns "are presumptively lawful"). *But see Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023) (stating that *Bruen*'s apparent approval of criminal background checks, before issuance of a public carry permit, doesn't resolve the constitutionality of the ban on felons' possession of firearms).

*Vincent v. Garland*, 80 F.4th 1197, 1201–02 (10th Cir. 2023).

While this question remains to be conclusively decided by the Supreme Court, reasonable interpretations of *Bruen,* such as the Tenth Circuit's decision in *Vincent* and Judge Shwartz' dissenting opinion in *Range,* suggest that the test of *Bruen* may be applied in a manner that will uphold the constitutionality of § 922(g)(1). At the same time, the Court recognizes the compelling scholarship of Judge Reeves, as expressed in the above-cited *Bullock* case, which strongly argues that the strict confines of the *Bruen* test will lead inexorably to a finding that § 922(g)(1) is unconstitutional because such restrictions may not have been common in colonial America. Until the Supreme Court resolves this question, however, the Sixth Circuit's precedent in *Carey* requires this Court to reach the same conclusion it did in the *Nelson* case, so Defendant's motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**. The case will proceed in the ordinary course.

**IT IS SO ORDERED.**

Dated: October 11, 2023     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE